UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PENINAH ELMEKIES,<br><br>          Plaintiff,<br><br>  - against -<br><br><br><br>FOCUS CAMERA LLC,<br><br>          Defendant. | **Case No.:**<br><br><br>**COMPLAINT** |

Plaintiff, Peninah Elmekies ("Plaintiff"), by her attorneys, Bell Law Group, PLLC, for her Complaint against Defendant, Focus Camera LLC ("Defendant"), respectfully alleges upon knowledge as to herself and upon information and belief as to all other matters as follows:

### NATURE OF THE CASE

1. Plaintiff commences this action for damages related to Defendant's unlawful termination of her employment in retaliation for taking legally-protected leave pursuant to the Family Medical Leave Act ("FMLA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FMLA.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391, as it is a judicial district in which Defendant is organized and maintains its principal place of business.

## PARTIES

4. At all relevant times, Plaintiff was and still is a resident of the County of Middlesex, State of New Jersey.

5. At all relevant times, Defendant was and still is a domestic limited liability company organized and existing under and by virtue of the laws of the State of New York.

6. At all relevant times, Plaintiff was an employee and Defendant was an employer within the meaning of the FMLA.

7. At all relevant times, Plaintiff worked for Defendant at its facility located at 1201 Jersey Avenue, North Brunswick, New Jersey 08902.

8. At all relevant times, Defendant has maintained its principal place of business and its authorized agent for service of process at 897 McDonald Avenue, Brooklyn, New York 11218.

## FACTUAL BACKGROUND

9. Defendant hired Plaintiff as a warehouse assistant in its North Brunswick, New Jersey warehouse, effective January 1, 2020. In this role, she served as a liaison between Defendant's New York and New Jersey locations.

10. In April 2021, Plaintiff suffered injuries while at work including but not limited to a concussion and loss of consciousness when she hit her head on her desk. Her concussion prevented her from doing her job since she fainted at work as a result of her injuries.

11. As a result of her injuries, Plaintiff was required to take, and indeed did take, legally protected leave pursuant to the FMLA beginning April 28, 2021.

12. Plaintiff returned to work from leave on or around June 14, 2021.

13. However, upon Plaintiff's return to work, she discovered that Defendant had hired another employee to fulfill her job duties.

14. Upon Plaintiff's return, Defendant assigned her an entirely new job. She was moved from her warehouse position to a position at the front door greeting people and answering phones.

15. After two weeks of being forced to perform these new duties, Plaintiff emailed a supervisor asking for a formal job description. She was never provided with a responsive description. Additional inquiries were similarly unaddressed.

16. Defendant terminated Plaintiff's employment effective July 18, 2021, with no explanation.

17. Plaintiff's termination came just weeks after her return from leave and days following her request to be restored to her normal duties pre-leave, as is her right under the FMLA.

18. Upon her termination, Defendant attempted to coerce Plaintiff to sign a severance agreement. Nevertheless, without explanation, Defendant revoked the agreement after she signed it and she received no severance pay.

19. Defendant terminated Plaintiff's employment without a legitimate business reason to do so, since Plaintiff had been an excellent employee and Defendant had no need to eliminate her position because Defendant immediately hired a replacement upon her termination.

## AS AND FOR THE FIRST CAUSE OF ACTION
*Retaliation pursuant to the FMLA*

20. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

21. At all relevant times, Plaintiff was an "employee" of the Defendant within the meaning of the FMLA.

22. At all relevant times, Defendant was an "employer" and employed Plaintiff within the meaning of the FMLA.

23. Plaintiff exercised her rights protected under the FMLA when she took a leave of absence from work to undergo medical care.

24. Both before and after her leave from work pursuant to the FMLA, Plaintiff was qualified for her warehouse assistant position.

25. Plaintiff suffered adverse employment actions from Defendant when Defendant changed her job duties and terminated her employment upon her return from leave.

26. These adverse employment actions occurred under circumstances giving rise to an inference of Defendant's retaliatory intent.

27. These adverse employment actions demonstrate that Defendant acted in bad faith.

28. As a result of Defendant's unlawful actions described herein, Plaintiff is entitled to damages equal to any wages, salary, employment benefits, or other compensation lost by Plaintiff as a result of Defendant's unlawful conduct, liquidated damages, and all other fees and costs associated with pursuing this case.

**WHEREFORE**, Plaintiff, on behalf of herself and all other similarly situated persons, seek the following relief:

A. Damages equal to any wages, salary, employment benefits, or other compensation lost by Plaintiff as a result of Defendant's unlawful conduct;
B. Liquidated damages equal to the amount of compensatory damages awarded;
C. Attorney's fees and costs; and
D. Such other and further relief as is just and proper.

Dated: Syosset, New York
November 1, 2022

Respectfully submitted,
BELL LAW GROUP, PLLC

By: */s/ Frank J. Tantone*
116 Jackson Avenue
Syosset, New York 11791
(516) 280-3008
ft@Belllg.com

4